UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                :

CHANDRAPAL HARRYRAM,                             :

                            Petitioner,                :
                                                :                20-CV-7254 (JMF)
            -v-                                     :
                                                :                ORDER

THOMAS DECKER, *in his official capacity as Field*  :
*Office Director, New York City Field Office, U.S.*   
*Immigration & Customs Enforcement*, et al.,       :

                            Respondents.             :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      At 4:06 p.m. this afternoon, Petitioner Chandrapal Harryram, an immigration detainee, filed a petition for the writ of habeas corpus. *See* ECF No. 1. The Petition alleges that Harryram was detained in this District yesterday, but notes that, according to his "deportation officer," he "would be transferred to Bergen County Jail" in New Jersey today. *Id.* ¶ 4; *see also id.* ¶ 32 (alleging that Harryram "[a]t some point was or will be transferred to the Bergen County Jail" in New Jersey). In the Petition, Harryram appears to contend that even if he was transferred to New Jersey before the Petition was filed, venue would be proper in this District. *See id.* 17-23

      The Court disagrees. Although judges in this District are divided on the question, this Court has repeatedly — and recently — rejected the position taken by Harryram in his Petition and held that jurisdiction does not lie in this District where the petitioner was not present in this District at the time of filing. *See Singh v. Holder*, No. 12-CV-4731 (JMF), 2012 WL 5878677, at *2 (S.D.N.Y. Nov. 21, 2012); *see also, e.g.*, *Rivera-Velasquez v. Decker*, No. 19-CV-10297 (JMF), ECF No. 4, at 1-2 (S.D.N.Y. Nov. 8, 2019); *Thomas v. Decker*, No. 19-CV-8690 (JMF), ECF No. 28, at 17-18 (S.D.N.Y. Oct. 16, 2019); *Tazu v. Barr*, No. 19-CV-1716 (JMF), ECF No. 16, at 8 (S.D.N.Y. Mar. 1, 2019); *Traore v. Decker*, No. 18-CV-7909 (JMF), ECF No. 10, at 2-3 (S.D.N.Y. Sept. 6, 2018); *Suraiya v. Cioppa*, No. 18-CV-6628 (JMF), ECF No. 18, at 2-3 (S.D.N.Y. July 31, 2018).

      In light of the foregoing, Petitioner's counsel shall immediately investigate whether Petitioner was still located in this District at 4:06 p.m. today, when the Petition was filed. No later than **September 8, 2020**, at **10:00 a.m.**, Petitioner shall file a letter indicating the answer to that question and, if he had been transferred to Bergen County before the Petition was filed, whether he consents to immediate transfer of this case to the District of New Jersey. In the event that he does not so consent, counsel for all parties shall appear for a telephone conference with the Court on **September 9, 2020**, at **10:00 a.m.** The conference will be conducted in accordance with Rule 2(A) of the Court's Emergency Individual Rules and Practices in Light of COVID-19,

1

available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.  (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.)

As stated in Rule 2(C)(ii) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, **no later than 24 hours before the conference**, the parties shall email the Court a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  More broadly, counsel should review and comply with the rules and guidance regarding teleconferences set forth in the Court's Emergency Individual Rules and Practices in Light of COVID-19.

All counsel are required to register promptly as filing users on ECF.  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-jesse-m-furman**.  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**No later than September 5, 2020, Petitioner's counsel is directed (1) to serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, by overnight mail, and (2) to promptly file proof of such service on the docket.**  Counsel for Respondents shall promptly enter notices of appearance.

SO ORDERED.

Dated: September 4, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge